RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2000 FED App. 0343P (6th Cir.)
File Name:  00a0343p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
  _Plaintiff-Appellee/_
  _Cross-Appellant,_

v.

WILLIAM A. MCKINLEY,
  _Defendant-Appellant/_
  _Cross-Appellee._

Nos. 99-3354/3487

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 94-00005—George W. White, District Judge.

Submitted:  September 19, 2000

Decided and Filed:  September 27, 2000

Before:  MERRITT and GILMAN, Circuit Judges; BELL,
District Judge.

_____

*The Honorable Robert Holmes Bell, United States District Judge for
the Western District of Michigan, sitting by designation.

——————————

**COUNSEL**

**ON BRIEF:** William T. Doyle, Cleveland, Ohio, for Appellant.    Linda M. Betzer, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

——————————

**OPINION**

——————————

MERRITT, Circuit Judge.  Defendant William McKinley appeals the district court's order sentencing him to 170 months of imprisonment, imposed following remand from this court's judgment in *United States v. Walker*, 160 F.3d 1078 (6th Cir. 1998), *cert. denied sub. nom. McKinley v. U.S.*, 526 U.S. 1056, 119 S. Ct. 1368, 143 L.Ed.2d 528 (1999). Defendant claims that the district court improperly calculated the amount of cocaine and cocaine base ("crack") for which he should be held responsible.  The government cross-appeals the same sentencing order, arguing that the district court should have enhanced the defendant's sentencing level by two points, pursuant to U.S.S.G. § 2D1.1(b)(1).  We affirm the district court's determination of the amount of cocaine and crack attributable to the defendant, as we did in our earlier decision in *Walker*.  We also reject the government's argument for a sentence enhancement as having been waived due to the government's failure to pursue this claim during the earlier appeal of this case in *Walker*.

**I.**

In September 1994, defendant William McKinley and three co-defendants were convicted of conspiring to distribute cocaine and crack in the Youngstown, Ohio, area.  McKinley was also convicted of possessing crack with intent to distribute and was assigned a total offense level of 38, and sentenced to 260 months of imprisonment.  During the original sentencing proceeding, the government urged the

district court to apply a two-point enhancement to the defendant's sentence for possession of firearms during a drug crime, but the district court declined to do so. This court affirmed McKinley's convictions in *Walker*, 160 F.3d at 1096, but vacated his sentence and remanded the case to the district court for resentencing. This order was based on our determination that McKinley did not play a leadership role in the conspiracy to distribute cocaine and crack, and therefore did not meet the requirements for a four-point sentence enhancement as set forth in U.S.S.G. §3B1.1(c). In reviewing this sentence, we specifically rejected McKinley's argument that the district court erred in its determination of the amount of cocaine for which McKinley should be held responsible, as "McKinley [presented] absolutely no basis for reversal on this point." *Walker*, 160 F.3d at 1090. As a result, the case was remanded for resentencing at a total offense level of 34.

The government chose not to appeal the district court's decision regarding the sentence enhancement for possession of a firearm during a drug crime. As a result, we did not have notice that this question remained an issue and did not have an opportunity to dispose of this issue as part of the *Walker* appellate proceeding.

On remand, the parties raised two issues in addition to the "role-in-the-offense" enhancement that formed the basis for the remand order. McKinley reiterated his objection to the district court's determination of the amount of cocaine and crack for which he was held responsible, but the district court adhered to its earlier determination of this question, which had been upheld by this court. The government in turn re-asserted its claim that the offense level should be increased by two points, to 36, as a result of McKinley's possession of two firearms. The district court rejected this argument, as it had at McKinley's original sentencing hearing. We reject both the defendant's argument on the amount of drugs and the government's belated firearms argument.

## II.

The government urges us to review and reverse the district court's decision not to raise the defendant's total offense level for possessing firearms during a drug crime. We find, however, that the government waived this claim when it chose not to seek review of this decision during the original *Walker* appellate proceeding. Our decision on this issue is in accordance with the general rule that when a party fails to seek review of a district court's final order, it is barred from reasserting that issue in any subsequent appeals occurring in that case. *Crick v. Smith*, 729 F.2d 1038, 1039-40 (6th Cir. 1984), *U.S. v. Blanton*, 697 F.2d 146, 147-48 (6th Cir. 1983). While the district court may entertain any issues it feels are relevant to the overall sentencing decision (following a general remand), *Hebeka*, 89 F.3d at 284-85 (6th Cir. 1996), this does not give the parties license to re-assert issues that they should have raised during an earlier appeal. For example, in *Hebeka*, we allowed the government to seek review of an argument that it been unable to pursue during the initial appeal, but which became logically relevant in light of our decision and accompanying remand instruction. *Id*. As a result, the government did not "waive" the argument during the initial appeal because it was unable to pursue the claim during the first proceeding. That is not the case here, however, where the firearms enhancement argument was just as available to the government during the first appeal as it is in the current proceeding. As a result, we find that the government has waived this argument and is therefore precluded from asserting it at this later date.

This result is in accordance with the policy arguments behind the waiver doctrine. Had the government raised this issue in the initial *Walker* proceeding, we could have disposed of it accordingly. Instead, the government seeks review of this issue as this case appears before us for the second time. Were we to accept the government's invitation to review the case and remand to the district court for further proceedings on the firearms enhancement issue, we would doubtless see this case for a third time when the losing party appealed the

district court's decision on this issue. The waiver doctrine exists to forestall this kind of perpetual litigation by notifying parties that they will forfeit their claims if they fail to seek review in the first appeal. Here the government failed to appeal the district court's decision on the sentencing enhancement when the opportunity first presented itself and therefore relinquished its ability to gain review of the issue by this court.

## III.

The district court's decision regarding the amount of cocaine and crack attributable to the defendant is a factual determination and we therefore review it only for "clear error." 18 U.S.C. § 3742, *United States v. Bahhur*, 200 F.3d 917, 924 (6th Cir. 2000). In our previous examination of this issue, we found no basis for classifying the determination as "clear error," or even any foundation for McKinley's argument that the amount was incorrectly determined. *Walker*, 160 F.3d 1078, 1090 (McKinley's argument is "factually spurious, as well as legally inconsequential"). In addition, we specifically rejected McKinley's claim (which also forms the basis of his current appeal) that he was never a member of the "Ready Rock Boys" (the organization which conspired to sell cocaine and crack). *Id*. In this appeal, McKinley has presented no new arguments regarding the district court's calculation and accordingly we see no reason to disturb either the district court's most recent decision or our previous ruling. As a result, we hereby affirm the district court's judgement concerning the amount of cocaine and cocaine base attributable to McKinley.

For the foregoing reasons, we hold that the district court did not commit clear error in calculating the amount of cocaine and cocaine base attributable to the defendant and that the government waived its appellate rights on the sentence enhancement issue by failing to seek review at the earliest opportunity. The district court's decision is hereby affirmed.