UNITED STATES of America, Plaintiff–Appellee,

v.

Lenardo Lee BOWDEN, Defendant–Appellant.

No. 00–30036.
D.C. No. CR–99–00063–MJP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2001.

Decided Feb. 15, 2001.

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before RYMER, THOMAS, and MCKEOWN, Circuit Judges.

### MEMORANDUM *

Defendant–Appellant Lenardo Bowden appeals the district court's denial of his requests for downward departures under the Sentencing Guidelines. We affirm.

■ Bowden first contends that the district court based its refusal to grant downward departures on unreliable evidence, thereby violating his right to due process. In responding to the requests for leniency made by Mr. Bowden, the court made several speculative comments that were unsupported by the record. There is no evidence, however, that the district court relied upon those statements in denying the requested departures. In reviewing the record as a whole, we cannot conclude that "reliance on impermissible information ... probably did occur." *United*

* This disposition is not appropriate for publication and may not be cited to or by the courts

*States v. Corral,* 172 F.3d 714, 716 (9th Cir.1999).

■ Mr. Bowden further contends that reversal and remand is appropriate because "the district court erroneously believed that it lacked the power to depart." *United States v. Berger,* 103 F.3d 67, 69 (9th Cir.1996). This argument also fails. Although it would have been preferable for the district judge to state explicitly that she was choosing not to depart downward-and to address each of the requested reasons-the absence of such an explanation is not reversible error. Rather, because the court's authority to depart was "not otherwise in dispute, [its] silence regarding authority to depart is not sufficient to indicate that the court believed it lacked the power to depart." *United States v. Jackson,* 986 F.2d 312, 314 (9th Cir.1993).

■ Likewise, we reject Bowden's argument that the court's failure to explicitly rule on the departures violated Federal Rule of Criminal Procedure 32(c)(1). Rule 32 applies to factual disputes in the presentence report, a matter that was not at issue here. *See* Fed.R.Crim.P. 32(c)(1); *see, e.g., United States v. Gutierrez–Hernandez,* 94 F.3d 582, 584 (9th Cir.1996). Moreover, Rule 32 "does not require the court to articulate the reasoning for its finding." *United States v. Rude,* 88 F.3d 1538, 1543 (9th Cir.1996).

AFFIRMED.

of this circuit except as may be provided by Ninth Circuit Rule 36–3.