**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Edward Allan DUNBAR, Defendant–Appellant.**

No. 99–1892.

United States Court of Appeals, Sixth Circuit.

May 15, 2001.

---

**2.** As we affirm on this ground we need not reach the district court's alternative basis for dismissal.

Before KENNEDY, SUHRHEINRICH, Circuit Judges; McKEAGUE; District Judge.*

KENNEDY, Circuit Judge.

Defendant Edward Dunbar appeals his sentence imposed following his Rule 11 guilty plea to one count of aiding and abetting a bank robbery. Dunbar asserts the district court (1) violated Fed.

R.Crim.P. 32(c)(1) by failing to make findings on its conclusion that the record did not support a downward departure from his sentence for mental health reasons and (2) violated Rule 11(f) by enhancing his sentence pursuant to § 3C1.1 of the United States Sentencing Guidelines for obstruction of justice without determining the accuracy of the facts supporting that enhancement. The government counters that (1) Dunbar has waived his right to raise or appeal both issues and (2) Rule 11(f) does not require the court to determine the accuracy of facts supporting the court's enhancement of his sentence.

Because Rule 11(f) requires only that the court make an inquiry as to whether there is a factual basis for the elements of the crime charged and Dunbar waived his right to seek a downward departure on grounds not identified in his plea agreement, we affirm Dunbar's sentence. A brief discussion of the background of this case precedes our analysis of Dunbar's claims.

I.

On January 21, 1999, Dunbar pleaded guilty to aiding and abetting a bank robbery in violation of 18 U.S.C. § 2113. Dunbar's plea agreement stated he "agree[d] not to appeal the accuracy of any factor stipulated in the attached worksheets except for U.S. Sentencing Guidelines § 3B1.2(b)" and agreed all sentencing guideline provisions that could affect his sentence were identified in the plea agreement and he would raise no sentencing guideline provision not stipulated to in the plea agreement, save the right to seek a two-level reduction as a minor participant. J.A. at 46. The agreement provided that Dunbar's base level offense would be twen-

---

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

ty, to which the following would be added pursuant to § 2B3.1: (1) two points for taking property from a financial institution, (2) five points for use of a firearm, and (3) one point because the amount lost was more than $10,000.00 but less than $50,000.01. The agreement also provided for a two-point enhancement for obstruction of justice, bringing the total to thirty points. *See* J.A. at 53. The agreement, which provided that Dunbar would seek a downward departure only if the grounds were identified in the attached worksheet or elsewhere in the agreement, made no mention of a downward departure for Dunbar's mental condition.

Despite his agreement, Dunbar objected at sentencing to the Presentence Investigation Report's (PSR) conclusion that there was no basis for a downward departure for his mental condition. *See* J.A. at 95, 106–08. His counsel argued that Dunbar's mental condition could warrant such a departure. The court rejected that argument and sentenced Dunbar within the guideline range of 78–97 months to 95 months imprisonment and three years supervised release, in accord with the plea agreement. *See* J.A. at 37–38. In sentencing Dunbar, the court did not make specific findings as to the downward departure issue nor did it discuss the obstruction of justice enhancement it imposed.

Dunbar now appeals.

## II.

We review a district court's interpretation and application of the Sentencing Guidelines de novo but review its factual determinations for clear error. *See United States v. Pierce,* 17 F.3d 146, 151 (6th Cir.1994).

### A.

■ We find no merit in Dunbar's argument that the district court's failure to determine the factual basis for the sentence enhancement for obstruction of justice violated Rule 11(f). Rule 11(f) provides. "Notwithstanding the acceptance of a *plea of guilty,* the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Fed. R.Crim.P. 11(f) (emphasis added). It is clear from the above quoted passage that the required inquiry relates to whether there is a factual basis for a finding that the defendant is guilty of the crime charged. As the Supreme Court stated in *Libretti v. United States,* 516 U.S. 29, 38, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995), "[b]y its plain terms, the Rule applies only to a 'plea of guilty.' Our precedent makes clear that this language refers to a defendant's admission of guilt of a substantive criminal offense as charged in an indictment and his waiver of the right to a jury determination on the charge.... Forfeiture is an element of the sentence imposed *following* conviction, or, as here, a plea of guilty, and thus falls outside the scope of Rule 11(f)." Obstruction of justice goes to Dunbar's sentence not his guilt, and, therefore is not covered by Rule 11(f).

### B.

■ Dunbar's second claim is no more compelling. According to Dunbar, the district court's failure to make findings on whether there was a basis in the record to depart downward violated Fed.R.Crim.P. 32(c)(1). He contends he is not appealing the accuracy of the court's determination, just its failure to make its determination on the record. The government counters that under the plea agreement, Dunbar had no right to raise the issue.

We agree. Under Rule 32, the defendant must "[w]ithin 14 days after receiving the presentence report ... communicate in

writing to the probation officer ... any objections to any material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the presentence report." Fed.R.Crim.P. 32(b)(5)(B). For any objections that are not resolved at the time of the sentencing hearing, the court "must either make a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing." *Id.* at 32(c)(1). Put another way, the district court is required to make findings only on objections that have not been resolved at the time of the sentencing hearing; only such unresolved objections are controverted matters. The issue of whether the record supported a downward departure was not a controverted matter.

Dunbar is bound by his plea agreement. *See United States v. Allison,* 59 F.3d 43, 46 (6th Cir.1995). Here, the plea agreement stated that Dunbar would not raise any sentencing factor not mentioned in the agreement. Dunbar's mental health was not mentioned as a sentencing factor in the plea agreement; therefore, Dunbar did not have the ability to controvert the PSR's claim that there was no basis for departing downward. *See* J.A. at 46. In other words, he could not object to the omission from the PSR of a downward departure for his mental health. As he could not object to the omission, it was not a controverted matter upon which the district court was required to make a finding. *See* Fed.R.Crim.P. 32(c)(1).

### III.

For the foregoing reasons, we affirm Dunbar's sentence.