RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0260P (6th Cir.)
File Name: 03a0260p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

UNITED STATES OF AMERICA,
*Plaintiff-Appellee.*

*v.*

No. 02-1210

LELA STOVALL,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 01-80075—John Corbett O'Meara, District Judge.

Argued: May 20, 2003

Decided and Filed: June 13, 2003[*]

Before: NELSON, BOGGS, and COLE, Circuit Judges.

———————

## COUNSEL

**ARGUED:** Carolyn A. Blanchard, Northville, Michigan, for Appellant. Jennifer M. Gorland, UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** Carolyn A. Blanchard, Northville, Michigan, for Appellant.

———————

[*] This decision was originally issued as an "unpublished decision" filed on June 13, 2003. On July 16, 2003, the court designated the opinion as one recommended for full-text publication.

Jennifer M. Gorland, UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

———————

## OPINION

———————

DAVID A. NELSON, Circuit Judge. Defendant Lela Stovall here appeals a 77-month sentence imposed after she pleaded guilty to charges of bank fraud and conspiracy. Ms. Stovall contends that the district court committed prejudicial error by failing to make explicit findings in its rejection of a series of objections she presented to her presentence report. She further contends that some of her past criminal activity was improperly double-counted in the calculation of her criminal history score. Finding these contentions unpersuasive, we shall affirm the sentence.

I

Ms. Stovall and 19 co-defendants were indicted on charges that included conspiracy, forgery, identity theft, credit fraud, and bank fraud. In exchange for agreement on an appropriate sentence and the government's promise to dismiss all other charges against her, Ms. Stovall agreed to plead guilty to conspiracy and bank fraud.

The plea agreement included stipulations concerning each of the sentencing guidelines that the parties believed to be applicable. Among other things, the parties stipulated that Ms. Stovall's base offense level should be enhanced by three levels because of her managerial or supervisory role in the conspiracy, see U.S.S.G. § 3B1.1(b); that Ms. Stovall should receive three criminal history points for each of two prior federal sentences of imprisonment exceeding 13 months, see U.S.S.G. § 4A1.1(a); and that she should receive two criminal history points for a prior state sentence of imprisonment of at least 60 days, see U.S.S.G. § 4A1.1(b).

All told, the parties agreed that Ms. Stovall's total offense level was 16 and that her criminal history category, based on a criminal history score of 14, was VI. These calculations resulted in a guideline sentencing range of 46 to 57 months. The government agreed that a sentence of no more than 51 months would be appropriate. Of critical importance here, Ms. Stovall agreed not to appeal any of the sentencing calculations to which she had stipulated.

After the district court accepted Ms. Stovall's guilty plea, a probation officer prepared a presentence report in which her offense level was determined to be 21 – a level that was five above the one stipulated. The difference was due to a two-level enhancement for production and trafficking of unauthorized or counterfeit access devices, see U.S.S.G. § 2F1.1(b)(5)(B), and a three-level enhancement for commission of the instant offenses while released on bond in connection with another federal offense, see U.S.S.G. § 2J1.7. The revised calculations yielded a guideline sentencing range of 77 to 96 months.

Ms. Stovall presented 23 objections to the presentence report. She also requested downward departures based on the conditions of the jail in which she was detained and her family history of schizophrenia. (On appeal, she characterizes her departure requests as "objections" as well.)

Because of the discrepancy between the guideline sentence range as calculated by the probation officer and the sentence agreed upon by the parties, the district court asked Ms. Stovall at sentencing whether she wished to renegotiate the plea agreement or to withdraw her guilty plea. After a recess, the parties reported that they had agreed to amend the plea bargain by establishing a sentencing "cap" of 77 months.

Without discussion, the district court subsequently overruled Ms. Stovall's outstanding objections to the presentence report. Adopting the probation officer's factual

findings and calculations under the guidelines, the court imposed sentences totaling 77 months. This appeal followed.

## II

At the time of Ms. Stovall's sentencing, Rule 32(c)(1), Fed. R. Crim. P., provided that,

"for each matter controverted [in objections to a presentence report], the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing."

This court "has required 'literal compliance' with [Rule 32(c)(1)], stating that it 'helps to ensure that defendants are sentenced on the basis of accurate information and provides a clear record for appellate courts, prison officials, and administrative agencies who may later be involved in the case.'" *United States v. Corrado*, 227 F.3d 528, 540 (6th Cir. 2000) (quoting *United States v. Tackett*, 113 F.3d 603, 613-14 (6th Cir. 1997), *cert. denied*, 522 U.S. 1089 (1998)). "Literal compliance" means that the district court must make independent factual findings and not merely adopt the findings in the presentence report. See *id.* at 540-41.

Ms. Stovall contends that the district court violated Rule 32(c)(1) by summarily overruling four objections to the presentence report: (1) her objection that because she had worked closely with only one of her co-defendants and had no knowledge of the others' activities, her role in the conspiracy had been over-stated; (2) her objection to the enhancement of her offense level for commission of her offenses while released on bond; (3) her objection to the assessment of criminal history points for sentences imposed in earlier federal cases; and (4) her requests for a downward departure. In our view, Ms. Stovall's objections did not raise controverted matters of the type that Rule 32(c)(1) requires to be resolved on the record.

As to the complaint that the district court failed to make a factual finding on her role in the conspiracy, Ms. Stovall stipulated in the plea agreement that a three-level enhancement was appropriate because she was a manager or supervisor.  In light of that stipulation, there was no need for the district court to make a finding on the issue.  See *United States v. Dunbar*, 9 Fed. Appx. 411, 414 (6th Cir. 2001), where we held that an objection foreclosed by the defendant's plea agreement did not constitute a "controverted matter" for purposes of Rule 32(c)(1).  Likewise, the district court was not required to determine whether Ms. Stovall's prior federal sentences should have been counted in the calculation of her criminal history score – for Ms. Stovall had stipulated that a separate three-point addition was warranted by each of the sentences in question.  See *Dunbar*, 9 Fed. Appx. at 414.

Turning to Ms. Stovall's contention that the district court should have made a finding on her objection to the three-level enhancement for having committed the present offenses while released on bond, we note that Ms. Stovall never disputed the fact that the period in which she committed her offenses overlapped the period in which she was on bond.  Given the overlap, enhancement of the sentence was *mandated* by 18 U.S.C. § 3147.  See *United States v. Lewis*, 991 F.2d 322, 324 (6th Cir. 1993).  Section 2J1.7 of the sentencing guidelines "effectuate[s] the mandate" of § 3147 by prescribing a three-level enhancement.  *United States v. Bahhur*, 200 F.3d 917, 926-27 (6th Cir. 2000).  Citing a notice requirement found in U.S.S.G. § 2J1.7, comment. (backg'd), Ms. Stovall contends that she did not receive sufficient notice that the enhancement would be imposed.  But the presentence report indisputably notified Ms. Stovall that she stood to receive the enhancement, and Ms. Stovall's suggestion that she was entitled to notice at the time of her release is contrary to our decision in *Lewis*.  See *Lewis*, 991 F.2d at 323-24.  Because application of the enhancement was required by statute, and because Ms. Stovall plainly received sufficient notice, there was no genuine controversy for the court to resolve.

Ms. Stovall complains next of the district court's failure to justify its rejection of her requests for departure from the guideline range.  As we see it, however, Ms. Stovall's departure requests were not "objections to the presentence report" within the meaning of Rule 32(c)(1).  The report, after all, merely set forth the requests without comment.  It follows that the district court was not obligated to make express findings with respect to the requests.  See *United States v. Bowden*, 4 Fed. Appx. 398, 399 (9th Cir. 2001) (rejecting an argument that Rule 32(c)(1) requires explicit rulings on requests for downward departure).[1]

### III

Finally, Ms. Stovall contends that a state sentence for passing counterfeit checks should not have been used in the calculation of her criminal history score, the passing of the checks already having been treated as part of the offense conduct that resulted in a separately counted federal sentence.  Ms. Stovall did not raise this argument in the district court.  On the contrary, she stipulated to the addition of two points to her criminal history score on account of the state sentence – and, to repeat, she expressly agreed not to appeal any of the stipulated sentencing factors.  Ms. Stovall thus waived her right to appeal the two-point addition.  See *United States v. Allison*, 59 F.3d 43, 46 (6th Cir.), *cert. denied*, 516 U.S. 1002 (1995).

**AFFIRMED.**

---

[1]To the extent that Ms. Stovall seeks to challenge the merits of the district court's refusal to depart downward, her challenge cannot be maintained on appeal absent evidence that the court was unaware of its discretion to depart.  See *United States v. Hill*, 167 F.3d 1055, 1070-71 (6th Cir.), *cert. denied*, 528 U.S. 872 (1999).  We find no such evidence here.