GWIN, Circuit Judge,
Concurring.
I agree with the majority’s disposition of this case and the lion’s share of its reasoning. However, I write separately to explain why an apparent inequity of our decision is actually a mirage. First, the apparent inequity: Our decision permits the Government to challenge the district court’s initial value of funds determination on remand, though the Government did not previously make the challenge, but forbids Chilingirian from challenging the district court’s restitution order on remand. The majority does not address exactly why this apparently inequitable result is, in fact, correct. I explain the justification here.
We conclude that Chilingirian waived his challenge to the restitution order by not raising it in his initial appeal. This conclusion is correct. Our circuit’s case law has identified “the general rule that when a party fails to seek review of a district court’s final order, it is barred from reasserting that issue in any subsequent appeals occurring in that case.” United States v. McKinley, 227 F.3d 716, 718 (6th Cir.2000). If this is correct, though, then why did the government not waive its challenge to the amount of funds involved?
United States v. Hebeka, 89 F.3d 279 (6th Cir.1996), provides the answer. Under Hebeka, the McKinley rule does not apply where a party asserts on appeal an argument that (1) the party had been unable to pursue during a previous appeal, but (2) later becomes logically relevant. Id. at 284-85. In this case, the district court applied the 1995 Guidelines during the original sentencing proceedings. These guidelines contain “breaks” in the value of funds determination at $2 million and $3.5 million. See USSG § 2Sl.l(b)(2)(G)-(H) (1995). Any figure between these two breaks results in the same enhancement. For this reason, the Government lacked a ground to argue on appeal that the $2.267 million figure was inaccurate; even if this Court agreed, the additional funds included in the finding would have made no difference under the 1995 Guidelines. Thus, it was irrelevant under the 1995 Guidelines whether the correct value of funds was $2.267 million or $2.7 million.
On resentencing, however, the district court considered both the 1995 and 2001 Guidelines. The 2001 Guidelines contain a sentencing break at $2.5 million. See USSG § 2Bl.l(b)(l)(J) (2002). The changes in the Guidelines made the difference between $2.267 million and $2.7 million relevant-the $2.267 million figure would result in a 16-level enhancement, whereas the $2.7 million figure would result in an 18-level enhancement. This new relevance, under Hebeka, prevents the McKinley waiver rule from applying in this case.
This result applies just the same if the tables were turned. Had the district court originally found the value of funds to be *795 $2.7 million, Hebeka would permit Chilingirian to advocate for a figure of $2,267 million on this appeal. Therefore, the previously described “apparent inequity” is really no inequity at all, and need not cause any dyspepsia to readers or future defendants.