NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0276n.06

No. 12-1396

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
*Mar 20, 2013*
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| v. | ) COURT FOR THE WESTERN |
| | ) DISTRICT OF MICHIGAN |
| CORY KENT TRAXLER, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

BEFORE: DAUGHTREY, McKEAGUE, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Cory Traxler appeals his sentence, imposed following a remand for resentencing, and argues that two special conditions of supervised release ordered by the district court violate the requirements of 18 U.S.C. § 3583(d). However, because Traxler failed to raise this issue in conjunction with the government's original appeal, the waiver doctrine precludes our consideration of the merits of his claim. We therefore affirm his sentence.

I.

Defendant Cory Traxler was charged with, and pled guilty to, being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 921(a), and 924(e)(1). The charge stemmed from photographic and video evidence showing that Traxler engaged in firearms training exercises with members of the white supremacist movement while on felony parole. Defendant faced a 180-month

mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), but the government filed a motion to depart downward from the mandatory minimum based on Traxler's substantial assistance to law enforcement. Traxler, in turn, moved for a downward variance, citing his remorse, acceptance of responsibility, and maturation as factors under 18 U.S.C. § 3553(a) that warranted the variance.

On May 13, 2010, the district court granted the government's motion and sentenced Traxler to sixty months in prison and thirty-six months of supervised release. The court also ordered Traxler to comply with six special conditions of supervised release including, inter alia, prohibitions on contact or affiliation with any race supremacy or hate groups without prior permission from the probation officer (Special Condition 4), and the possession of any race supremacy or hate group clothing or paraphernalia (Special Condition 5). At the conclusion of the sentencing hearing, the government objected to the reasonableness of the sentence, but Traxler had "[n]o objections."

The government appealed the sixty-month sentence, arguing that the district court erred by considering factors other than Traxler's substantial assistance when determining the extent to which it would depart downward from the statutory minimum sentence. Traxler filed no cross appeal. Citing "[t]he confusion that exists [on the record as to] how the district court reached its sentence in light of the government's and Traxler's pending motions," a panel of our court vacated the sentence and remanded the case for resentencing. *United States v. Traxler*, 455 F. App'x 684, 686 (6th Cir. 2012).

On remand, the parties renewed their respective sentencing motions. The district court granted a six-level substantial assistance departure and sentenced Traxler to ninety-two months of imprisonment, thirty-six months of supervised release, and the same standard and special conditions of supervised release ordered at the original sentencing. Neither party objected to the sentence.

Traxler now appeals his sentence, challenging the district court's imposition of Special Conditions 4 and 5. Specifically, Traxler argues that these special conditions contravene 18 U.S.C. § 3583(d) because they are not reasonably related to § 3553(a) sentencing factors, they involve a greater deprivation of liberty than is reasonably necessary, and Special Condition 5 is impermissibly vague. Traxler concedes that he did not preserve an objection to these special conditions in the district court, but he argues that we should review the merits of his claim under the plain-error standard of review applicable to forfeited issues. In response, the government asserts that the appeal should be dismissed pursuant to the "waiver doctrine"[1] because Traxler could, and should, have raised his challenge to the special conditions in the first appeal. We agree with the government.

In the present context, Traxler's failure to challenge the special conditions of supervised release in either the district court or during the prior appeal to our court precludes our consideration

---

[1]Although the terms are often confused, forfeiture and waiver are distinct concepts: "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (citation and internal quotation marks omitted). Forfeiture, unlike waiver, does not extinguish an error under Federal Rule of Criminal Procedure 52(b). *Id*. "Whether a particular right is waivable; whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake." *Id*.

of his claim. "The law-of-the-case doctrine bars challenges to a decision made at a previous stage of the litigation which could have been challenged in a prior appeal, but were not." *United States v. Adesida*, 129 F.3d 846, 850 (6th Cir. 1997). Thus, "[a] party who could have sought review of an issue or a ruling during a prior appeal is deemed to have waived the right to challenge that decision thereafter, for '[i]t would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost.'" *Id.* (quoting *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2nd Cir. 1981)); *see also United States v. McKinley*, 227 F.3d 716, 718 (6th Cir. 2000) ("The general rule [is] that when a party fails to seek review of a district court's final order, it is barred from reasserting that issue in any subsequent appeals occurring in that case."). The waiver doctrine exists for good reason—it discourages "perpetual litigation" and promotes finality in criminal proceedings by requiring that parties seek review of a claim in the first appeal. *McKinley*, 227 F.3d at 719.

We have consistently applied the waiver doctrine to sentencing issues that were not raised in an original appeal. *See, e.g., United States v. Wynn*, 485 F. App'x 766, 772 (6th Cir. 2012) ("[I]n choosing to challenge in his original appeal only the classification of his conviction for sexual battery and not the classification of his conviction for assault on a peace officer, Wynn clearly waived his right to bring a subsequent challenge to the latter predicate conviction."); *United States v. Sedore*, 512 F.3d 819, 827 (6th Cir. 2008) (holding that the defendant waived any argument on remand that there was only one victim for sentencing-enhancement purposes where he did not raise this issue in his first appeal or at the resentencing hearing); *United States v. Mitchell*, 232 F. App'x 513, 517 (6th

Cir. 2007) ("Because [the defendant] did not object to the district court's application of the enhancement under [U.S.S.G.] § 2K2.1(b)(5) in his prior appeal, [he] is foreclosed from raising the objection now."); *McKinley*, 227 F.3d at 718 (holding that the government waived its argument for a sentence enhancement where the government failed to pursue this claim during the earlier appeal of the case).

Although our court "has allowed parties to address issues on remand not addressed during the initial sentencing appeal if the moving party had been either unable to assert the issue initially or the issue only became logically relevant following remand," *United States v. Boudreau*, 564 F.3d 431, 435 n.1 (6th Cir. 2009), this "narrow exception" to the waiver doctrine does not apply here, where Traxler's argument challenging Special Conditions 4 and 5 "was just as available to [him] during the first appeal as it is in the current proceeding." *McKinley*, 227 F.3d at 718.

II.

For these reasons, we decline to address the merits of Traxler's sentencing claim. We therefore affirm the judgment of the district court.