NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0200n.06

No. 20-3753

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Apr 20, 2021 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| ANTONIO WYNN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: COLE, Chief Judge; CLAY and GRIFFIN, Circuit Judges.

PER CURIAM. Antonio Wynn appeals the district court's order denying his motion to reduce his sentence under section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. As set forth below, we **VACATE** the district court's order and **REMAND** for further proceedings.

In 2007, Wynn pleaded guilty to an amended charge of possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006), stipulating to a drug quantity of 44.7 grams of crack cocaine. Wynn faced a statutory penalty range of 10 years to life imprisonment because of his prior felony drug conviction. *See* 21 U.S.C. §§ 841(b)(1)(B), 851. The district court sentenced Wynn as a career offender to 235 months of imprisonment. *See* USSG § 4B1.1. Wynn appealed, and this court vacated his sentence and remanded to the district court to determine whether he continued to qualify as a career offender in light of intervening Supreme Court precedent. *United States v. Wynn*, 579 F.3d 567 (6th Cir. 2009). On remand, the district court again applied the career-offender enhancement and sentenced

Wynn to 235 months of imprisonment. This court affirmed Wynn's resentencing. *United States v. Wynn*, 485 F. App'x 766 (6th Cir. 2012).

In 2020, Wynn filed a motion to reduce his sentence under section 404 of the First Step Act, which allows a district court "that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. The First Step Act defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." *Id*. § 404(a). Those sections of the Fair Sentencing Act increased the threshold quantities of cocaine base required to trigger the statutory penalty ranges. Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372. Wynn argued that he was eligible for relief under the First Step Act because he was convicted of a "covered offense" given that the statutory penalties under 21 U.S.C. § 841(b)(1)(B) were modified by the Fair Sentencing Act.

The district court denied Wynn's motion to reduce his sentence. The district court recognized that, at the time of Wynn's sentencing, the statutory penalty range for an offense involving 5 grams or more of cocaine base committed by a defendant with a prior felony drug conviction was ten years to life imprisonment and that the Fair Sentencing Act increased the threshold quantity triggering that statutory penalty range from 5 grams to 28 grams of cocaine base. The district court went on to conclude that Wynn "committed a violation for which the statutory penalties have not been modified" because "[t]he stipulated quantity of 44.7 grams continues to satisfy the same quantity threshold applied prior to the 2010 Fair Sentencing Act punishable under Section 841(b)(1)(B)."

Wynn argues on appeal that he is eligible for relief under the First Step Act because the Fair Sentencing Act modified the statutory penalties for his statute of conviction. The government concedes that the district court erred in concluding that Wynn is not eligible for relief based on this court's decision in *United States v. Boulding*, 960 F.3d 774 (6th Cir. 2020), which held that "eligibility for resentencing under the First Step Act turns on the statute of conviction alone"— "not a defendant's specific conduct" or "whether the record reflect[s] a greater quantity." *Id*. at 779, 781. Because the Fair Sentencing Act modified the statutory penalties for the statute of conviction, 21 U.S.C. § 841(b)(1)(B), Wynn is eligible for relief under the First Step Act.

Wynn's eligibility does not entitle him to relief: "The First Step Act ultimately leaves the choice whether to resentence to the district court's sound discretion." *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019) (per curiam). We therefore remand to the district court to exercise that discretion.

Accordingly, we **VACATE** the district court's order denying Wynn's motion to reduce his sentence and **REMAND** for further proceedings.