NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0438n.06

No. 12-3650

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Apr 30, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| HORACIO H. MUNAR, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  MARTIN and COOK, Circuit Judges; GRAHAM, District Judge.*

PER CURIAM.  Horacio H. Munar appeals a district court judgment that imposed a 262-month sentence following our prior order of remand.  For the reasons set forth below, we affirm the district court's judgment.

In 2007, a jury convicted Munar of one count of conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 371 and 1344, seven counts of aiding and abetting bank fraud in violation of 18 U.S.C. §§ 2 and 1344, and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (a)(1)(B)(i), and (h).  Munar's convictions arose from a scheme in which he and his co-conspirators fraudulently obtained checks drawn on accounts in the United States. They then mailed the checks to third-party payees, many in Argentina, who forged endorsements on

---

*The Honorable James L. Graham, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

the checks, and used "operators" throughout the United States to present the checks for payment. The district court sentenced Munar to 300 months of imprisonment and ordered restitution in the amount of $1,683,018.85. On direct appeal, we affirmed Munar's convictions, but vacated the district court's imposition of a six-level multiple-victim enhancement under USSG § 2B1.1(b)(2). We remanded the case for resentencing. *United States v. Munar*, 419 F. App'x 600, 615 (6th Cir. 2011). On remand, the district court imposed a two-level multiple-victim enhancement as asserted by Munar and recalculated his advisory sentencing guidelines range as 262 to 327 months of imprisonment. The district court sentenced Munar to the low end of that sentencing range.

On appeal, Munar contends that his 262-month sentence is procedurally and substantively unreasonable and that his appellate counsel in his first appeal rendered ineffective assistance by failing to raise other sentencing issues on appeal.

After remand, Munar filed a sentencing memorandum reiterating his prior objections to certain sentencing enhancements: (1) a two-level increase for being in the business of receiving and selling stolen property, pursuant to USSG § 2B1.1(b)(4); (2) a two-level increase for committing a substantial part of the fraudulent scheme from outside the United States, pursuant to USSG § 2B1.1(b)(9)(B); (3) a two-level increase for sophisticated money laundering, pursuant to USSG § 2S1.1(b)(3); and (4) a four-level increase for acting as an organizer or leader, pursuant to USSG § 3B1.1(a). Munar asserts in this appeal that his sentence is procedurally unreasonable because the district court refused to address his objections to these enhancements and relied on the government's 2007 sentencing memorandum to support their application. Munar, however, did not challenge these enhancements in his original appeal. By failing to do so, Munar "waived his right to raise these

issues before the district court on remand or before this court on appeal after remand." *United States v. Adesida*, 129 F.3d 846, 850 (6th Cir. 1997); *see also United States v. Sedore*, 512 F.3d 819, 827 (6th Cir. 2008). Because the law-of-the-case doctrine barred Munar's objections to the enhancements, the district court did not commit procedural error by briefly acknowledging his objections and referring to the government's sentencing memorandum in finding that sufficient facts supported the enhancements' application.

Munar's sentencing memorandum on remand also requested a variance from the guidelines range pursuant to 18 U.S.C. § 3553(a) based on (1) the lighter sentences imposed on his co-conspirators and in comparable bank fraud cases, (2) his age group's low likelihood of recidivism, and (3) his likely loss of American citizenship and deportation to Argentina, where he potentially faces prosecution. Munar argues on appeal that his sentence is substantively unreasonable because the district court failed to address his arguments in support of a variance.

We apply a rebuttable presumption of substantive reasonableness to Munar's within-guidelines sentence. *See United States v. Cochrane*, 702 F.3d 334, 345 (6th Cir. 2012). In denying Munar's request for a variance, the district court explicitly stated that it had considered his arguments and the § 3553(a) factors: "I also reviewed counsel's argument regarding the possible imposition of a variance under 18 U.S.C. 3553(a). After considering the — those factors, the Court will not impose a variance because the sentence as imposed without any variance accurately reflects the seriousness of the offense and affords adequate deterrence to Mr. Munar's criminal conduct." The district court's decision to impose a within-guidelines sentence did not require a lengthy explanation under these circumstances. *See Rita v. United States*, 551 U.S. 338, 356–57 (2007). Because Munar

has failed to demonstrate that the district court "selected [his] sentence arbitrarily, based its determination on impermissible factors, disregarded any relevant concern, or gave unreasonable weight to any of the § 3553(a) factors," he has not overcome the presumption of substantive reasonableness. *United States v. Simmons*, 587 F.3d 348, 365 (6th Cir. 2009).

Munar contends that his appellate counsel rendered ineffective assistance by failing to raise sentencing issues other than the six-level multiple-victim enhancement in his original appeal, thereby waiving those issues. "We generally do not review ineffective assistance of counsel claims on direct appeal . . . ." *United States v. Franco*, 484 F.3d 347, 355 (6th Cir. 2007). These claims should be brought "collaterally pursuant to 28 U.S.C. § 2255 so that an adequate factual record may be developed by the parties." *Id*. The record before us lacks evidence of appellate counsel's appeal strategy and is otherwise insufficiently developed to review Munar's ineffective assistance claim.

The district court's judgment is affirmed.